# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN PETZOLD ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13-0052 |
| ) | **Judge Sharp** |
| W.B. MELTON ) | |
|     Defendant. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a resident of Monterey, Tennessee.[1] He brings this action pursuant to 42 U.S.C. § 1983 against W.B. Melton, Sheriff of Overton County, seeking injunctive relief and damages.

The plaintiff was an inmate at the Overton County Jail. He complains about a condition of his confinement at that facility. More specifically, the plaintiff claims that the absence of a law library at the Jail interfered with his right of access to the courts.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an

---

[1] At the time this action was filed, the plaintiff was an inmate at the Overton County Jail in Livingston, Tennessee. He has since, however, been released from custody. *See* Docket Entry No. 9.

affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396, 419 (1974).

It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance was not made available to him. He must also show that the defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the plaintiff alleges that he was unable to research and prepare filings in defense of his criminal prosecution. He does acknowledge, however, that he was being represented by appointed counsel. The fact that the plaintiff was not happy with counsel's representation in no way suggests that he had a right to the tools needed to conduct his own legal research. As a consequence, the plaintiff has failed to state a claim upon which § 1983 relief can be granted.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                      Kevin H. Sharp
                                                                       United States District Judge